GOETINGER (GEIER v.). See Case No. 5,-299.

## Case No. 5,504.

GOFF et al. v. STAFFORD et al.

[3 Ban. & A. 610;[1] 14 O. G. 748.]

Circuit Court, D. Rhode Island. Oct. 9, 1878.

PATENTS — FOREIGN SPECIFICATIONS OF PRIOR DATE—TERM—FOREIGN PATENTS—ACT OF JULY 8, 1870.

1. A patented invention cannot be superseded by the mere production of a British provisional specification, though of prior date, unless the description and drawings contain and exhibit a substantial representation of the patented improvement in such full, clear, and exact terms as to enable any person skilled in the art or science to which it appertains, to make, construct and practice the invention to the same practical extent as they would be enabled to do if the information was derived from a prior patent.

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

2. The provision of the act of July 8, 1870 [16 Stat. 208], that patents taken out in the United States for inventions previously patented in a foreign country shall expire at the same time with the foreign patent, or if there be more than one, at the same time with the one having the shortest term, but in no case shall it be in force more than seventeen years, does not apply to letters patent of the United States granted previous to such enactment. The cases of Weston v. White [Case No. 17,458] and Badische Anilin & Soda Fabrik v. Hamilton Manuf'g Co. [Id. 721], cited.

[Explained in De Florez v. Raynolds, 8 Fed. 444. Cited in Siemens v. Sellers, 16 Fed. 861.]

In equity. Suit was brought by [Darius Goff and others] the assignees of patent No. 50,318, granted to Marcus Brown Westhead, October 3d, 1865 [against William H. Stafford and others]. The object of the invention was stated to be to make up tapes and ribbons and thread for use, in such a manner that the consumer might be able to unwind or rewind them, and retain the coils in a compact form, and the claim of the patent was for "The application of an elastic slip or drag for the purposes above set forth."

Benjamin F. Thurston, for complainants.

Edwin Aldrich and Oscar Lapham, for defendants.

CLIFFORD, Circuit Justice. Redress for infringement may be sought by the owner of a patent in an action at law or by a suit in equity, and the party charged in an action at law may plead the general issue, and having given notice in writing to the plaintiff or his attorney thirty days before, may prove, as a matter of defence, that the invention had been patented or described in some printed publication prior to the supposed invention of the plaintiff. Like defences may also be pleaded in a suit in equity for relief against an alleged infringement, and proofs of the same may be given upon like notice in the answer of the respondent, and with the like effect. 16 Stat. 208; Rev. St. § 4920; Seymour v. Osborne, 11 Wall. [78 U. S.] 539.

Neither party controverts the fact that Marcus B. Westhead, of Manchester, in the kingdom of Great Britain, received a patent in that country as the inventor of an "improved device for arranging tapes, ribbons, and threads for use," nor that he subsequently, on the 3d of October, 1865, took out a patent, in due form, in this country for the same invention. By virtue of the last-named patent, the patentee became, as the complainants allege, the true and lawful owner of the invention, and that he on the 25th of June, 1877, assigned and conveyed all right, title, and interest in the same to one of the complainants, from whom the other two acquired each a one-third interest in common with the original assignee. They charge infringement, and service having been made, the respondents appeared and filed an answer setting up the following defences: 1. That the patentee is not the original and first inventor of the improvement embodied in the patent described

in the bill of complaint. 2. That the alleged invention, prior to the patent granted for the same, was fully described in the provisional specification of one Henry Masters, and was known to and used by divers persons, whose names, residences, and the places where such knowledge and use were had are not known to the respondents. 3. That the invention, six months and more prior to the date of the patent, had been patented to the same party in a foreign country, limited to the term of fourteen years, and that the foreign patent had expired previous to the assignment, in consequence of which the patent was null and void. 4. They deny that they have infringed the complainants' patent, but admit that they have been engaged in putting up braids in rolls, and selling the same under the certain patent therein mentioned, and they deny that the same contains the alleged invention of the assignor of the complainants.

 

*Fig: 1.*            *Fig: 2.*

[Drawings of patent No. 50,318, granted to M. B. Westhead, October 3, 1855. Published from the records of the United States patent office.]

Before giving a detailed description of the devices, the patentee states that the object of the invention is to make up tapes, ribbons, and other narrow fabrics or thread in such a manner that the consumer may be able to unwind or rewind them and retain the coils in a compact form. Two methods by which the invention may be carried into effect are shown in the drawings. Figures 1 and 2 represent in different forms a coil of tape or ribbon, with the patented improvement applied by means of a block of wood or other suitable material, upon which the tape or ribbon is wound in the usual manner. Through a central hole in the block a strip of rubber is passed which is threaded through a roller, the ends of the strip being then united. Rollers of the kind may be constructed of glass or other suitable material, which is an essential device in the apparatus, to which must be added the elastic band, the function of which is to draw the roller downward upon the coils of tape or ribbon, and to act as a clip to bind the one upon the other. Brief description is also given of the mode of operation, the statement being that the coil may be held in one hand and the end drawn with the other until the desired quantity is unwound, the described clip acting as a drag without any disturbance of the coils, being aided by the elastic band which constitutes side-guides for keeping the coils laterally in their places. If a greater length is drawn off than is required it may be readily wound up again in a compact form by holding the roller in one hand and turning round the coil of tape or ribbon with the other. Single coils of the kind may be combined together, of the same or different widths, or otherwise varying in character, each of which, as the patentee states, may be drawn without disturbance of the complete coils. What he claims is, the application of an elastic clip or drag, for the purposes set forth, which is equivalent to a claim for the described apparatus or the combined devices of which the apparatus is composed, though the patentee states expressly that he does not limit himself to the precise arrangement shown and described.

Power to grant letters patent is conferred by law upon the commissioner, and when that power has been lawfully exercised and a patent has been duly granted, it is of itself prima-facie evidence that the patentee is the original and first inventor of that which is therein described and secured to him as his invention. Availing themselves of that rule of law, the complainants in this case introduced in evidence the patent described in the bill of complaint, which is sufficient to entitle them to a decree, unless the defences, or some one of them, set up by the respondents, can be sustained.

Two propositions of law applicable to the case may be regarded as settled, which require no discussion: I. That the burden of proof is upon the respondents to show that the assignor of the complainants is not the original and first inventor of the improvement described and claimed in his letters patent: II. That the burden of proof to sustain the charge of infringement is upon the complainants.

First. Guided by the first of those rules, the court will proceed to the examination of the defences which involve the validity of the complainants' patent. Support to the first defence, that the assignor of the complainants is not the original and first inventor of the improvement, is attempted to be derived from the publication of the English provisional protection to Henry Masters. But it is evident that the publication in question does not sustain the proposition. Westhead's English patent is dated June 13th, 1863, was sealed December 8th, 1863, and the complete specification was filed December 12th, in the same year. His application for a patent in this country was filed July 15th, 1865, and his patent for the same invention as that patented in England was granted on the 3d of October following. Masters' English provisional specification, never patented, was introduced in evidence by the respondents as superseding both the American and the English patent granted to Westhead.

By the record it appears that that provisional specification, though filed the 24th of February, 1863, was never patented, and was never published until the 17th of the follow-

ing October. Nothing is proved to show why it never went to a patent beyond what appears on its face. It may have been because its statements were inaccurate, or because they were incomplete, or because the apparatus described was inoperative, not new or useful, or not the proper subject of a patent.

Second. Grave doubts are entertained whether such a publication, without more, is sufficient to show that the patentee of an American patent is not the original and first inventor of the improvement described in his patent, but it is not necessary to decide that question, for the reasons which will presently appear. Patented inventions cannot be superseded by the mere production of a foreign publication of the kind, though of prior date, unless the description and drawings contain and exhibit a substantial representation of the patented improvement, in such full, clear, and exact terms as to enable any person skilled in the art or science to which it appertains to make, construct, and practice the invention to the same practical extent as they would be enabled to do if the information was derived from a prior patent. Mere vague and general representations will not support such a defence, as the knowledge supposed to be derived from the publication must be sufficient to enable those skilled in the art or science to understand the nature and operation of the mechanism, and to carry the invention into operation. Seymour v. Osborne, 11 Wall. [78 U. S.] 555; Judson v. Cope [Case No. 7,565]. Apply that rule to the case before the court, and it is clear that the publication in question is not sufficient to support the defence set up in the answer.

In the outset he describes his invention as "improvements in spools, bobbins, rollers and similars," and states that it consists in the construction of spools, bobbins or rollers with springs, plates, clips, or pins for the retention of the material wound on the spool or bobbin. Express reference is made in the specification to the drawings, from which it appears that every one of the spools is furnished with flanges, which limit the quantity of material which can be wound on the spool; nor is there any suggestion, either in the specification or drawings, that the patentee can dispense with the flanges. Unaccompanied, as the provisional specification in this case is, by any claim showing in precise terms what the party supposed he had invented, it is difficult to define the true nature of the same; but it is clear, both from what is written and from the drawings, that the description is not sufficient to bring it within the rules prescribed by the court in the case to which reference has already been made. Howe v. Morton [Case No. 6,769]. Provisional specifications in the British system seldom or never become the basis of a patent, the party being required within six months from filing the same to file a completed specification, the rule being that the party within that period may make such alterations as he sees fit in his provisional specification, even by adding a supplementary improvement. Clarke Patent Steam & Fire Regulator Co. v. Copeland [Id. 2,866].

Third. Suppose that this is so, still it is insisted by the respondents that the patent is null and void because the invention was first patented to the assignor of the complainants in England for the term of fourteen years, which term expired before the title was acquired by the complainants by virtue of the alleged assignment. Section 6 of the act of March 3d, 1839, provides that no person shall be debarred from receiving a patent for any invention or discovery * * * by reason of the same having been patented in a foreign country more than six months prior to his application * * * provided that in all cases such patent shall be limited to the term of fourteen years from the date of publication of such foreign patent. 5 Stat. 354, § 6. Congress on the 2d of March, 1861 [12 Stat. 246], enacted that all patents hereafter granted shall remain in force for the term of seventeen years from the date of the issue, and all extension of such patents is hereby prohibited. Pursuant to that act of congress the patent in this case was granted to the assignor of the complainants for the term of seventeen years from the 3d of October, 1865, without any limitation whatever. 12 Stat. 249. Since then, to wit, July 8th, 1870, congress has provided to the effect that patents here, previously patented in a foreign country, shall expire at the same time with the foreign patent, or, if there be more than one, at the same time with the one having the shortest term; but in no case shall it be in force more than seventeen years. 16 Stat. 201; Rev. St. § 4887. Granted, as the patent in this case was, under the act of the 2d of March, 1861, it is clear that it is valid, and that it will remain in force for the term of seventeen years from the time it was granted. Weston v. White [Case No. 17,458]; Badische Anilin & Soda Fabrik v. Hamilton Manuf'g Co. [Id. 721]. Much discussion of the question of infringement will be unnecessary, as the respondents admit that they have been engaged in putting up and selling rolls of braid under the patent described in the answer. Decree for complainants for an injunction, and for an account.